Moira PECOR, as Administratrix of the Estate Of Corey Pecor, a/k/a Corey Pecor, Plaintiff–Appellant,

Safety Insurance Company, Intervenor–Plaintiff–Appellee,

v.

ELRAC, INC., d/b/a Enterprise Rent A Car, d/b/a Enterprise Car Sales, d/b/a Enterprise Leasing, Peerless Insurance Company, Defendants–Appellees,

Anne Hescock, Stephen O'Connell, William R. O'Connell, Michael J. O'Connell, John J. O'Connell, Gary O'Connell, Priscilla G. Huckins, as Administratrix of the Estate of Mary O'Connell, Intervenors–Defendants–Appellees.

No. 03–7815.

United States Court of Appeals, Second Circuit.

Jan. 14, 2004.

Andrea L. Gallitano, Otterman & Allen, Barre, VT, for Appellant.

Shapleigh Smith, Jr. (Douglas D. LeBrun), Dinse, Knapp & McAndrew, Burlington, VT, for Defendant–Appellee ELRAC, Inc., of counsel.

Daniel L. Burchard, McCormick, Fitzpatrick, Kasper & Burchard, Burlington, VT, for Defendant–Appellee Peerless Insurance Company.

Robert K. Reis, Webber, Reis, Holler & Urso, Rutland, VT, for Intervenor–Plaintiff–Appellee Safety Insurance Company.

Present: CABRANES, RAGGI, Circuit Judges and MUKASEY, District Judge.*

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and it hereby is **AFFIRMED.**

Appellant Moira Pecor, widow and administratrix of the estate of decedent Corey Pecor, appeals an August 1, 2003 judgment of the United States District Court for the District of Vermont (J. Garvan Murtha, *Judge*), which granted defendants' Motion for Judgment on Partial Findings pursuant to Federal Rule of Civil Procedure 52(c), dismissing her claim for recovery under appellees' underinsured motorist ("UIM") coverage.

This litigation arises out of an automobile accident in which Corey Pecor was killed when the car he was driving, which his employer owned and Pecor was operating "on-the-job," was struck by that of Mary O'Connell, who was driving into oncoming traffic while intoxicated. O'Connell had liability insurance with Safety Insurance Company in the amount of $100,000, which has been recovered by Corey Pecor's estate. Appellant seeks additional recovery from appellees ELRAC, Inc. ("ELRAC"), her husband's employer, and Peerless Insurance Company, his personal liability insurer, on the basis of underinsured motorist ("UIM") insurance. The question presented to the District Court was the scope of the UIM coverage extended to decedent by ELRAC, a "self-insurer" under Vermont law.

In the District Court, appellant and appellees filed cross-motions for summary judgment on the question of ELRAC's UIM obligation to decedent. Relying on the Vermont Supreme Court's recent decision in *Colwell v. Allstate Ins. Co.*, 819 A.2d 727 (2003), the District Court held that summary judgment for either party was inappropriate, because determination of the scope of a self-insurer's UIM obligations required further development of the record. After a bench trial, the District Court entered judgment in favor of appellees, finding as a matter of fact that ELRAC intended to extend only the minimum UIM coverage legally required, $50,000, 23 Vt. Stat. Ann. § 941(c), to the decedent, and therefore, that O'Connell was not an "underinsured motorist" under the terms of the decedent's UIM coverage and Vermont law.

On appeal, appellant argues that the District Court's factual determination was "clearly erroneous," and that the District

Court misapplied *Colwell*'s holding to the facts of the case. According to appellant, applying *Colwell* to the evidence in this case evinces a virtually limitless UIM-coverage obligation on the part of ELRAC. Appellees argue that the District Court's factual determination was not clearly erroneous.[1]

We have considered appellant's arguments, and we find them to be without merit. For substantially the reasons stated by the District Court in its orders of May 17, 2003 and July 30, 2003, the judgment of the District Court is **AFFIRMED**.

---

1. Appellees further argue that the District Court erroneously interpreted *Colwell* to deny them summary judgment, and thus, that the District Court should not have conducted a factual inquiry. We do not reach this alternate ground, because we affirm the District Court's factual determinations in appellees' favor.